IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02383-MSK-MEH

INGMAR GILLON,

   Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

   Defendant.

## RECOMMENDATION ON MOTION TO AMEND COMPLAINT

Before the Court are Plaintiff's Motion to Amend Complaint with Proposed Amended Complaint ("Motion to Amend") [Docket #52] and Plaintiff's Motion to Amend/Reconsideration of Judge's Order [Docket #57]. The matters are briefed. Oral argument would not materially assist the Court in adjudicating the Motion to Amend. For the following reasons, the Court recommends that the Motion to Amend be **denied**.

Plaintiff filed this lawsuit on November 29, 2006, asserting one claim under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). Shortly thereafter, the Bureau of Prisons produced the requested information, thus mooting this case. Now Plaintiff seeks to turn this lawsuit into a full-blown civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bur. of Narcotics*, 403 U.S. 388 (1971). This would be a fundamentally different lawsuit, completely unrelated to the original Complaint. It would also bypass the procedure that this Court has in place concerning initial screening of prisoner civil rights complaints. *See* D.C.Colo.L.Civ.R. 8.1. Although leave to amend a complaint is to be freely given, under this circumstance, the Court believes that the Motion to Amend should be denied. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th

Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'").  However, the Court also recommends that Plaintiff be relieved from the obligation of continuing to make payments on this lawsuit in which he has received the relief requested, and in anticipation that he will be filing a new lawsuit to bring his *Bivens* claims.

Accordingly, for the reason stated above, it is hereby **RECOMMENDED** that the Plaintiff's Motion to Amend [Filed September 11, 2007; Docket #52] be **denied**, and, further, that Plaintiff be relieved from the requirement of periodic payments required by the Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Filed March 16, 2007; Docket #14].

Plaintiff's Motion for Reconsideration [Filed October 1, 2007; Docket #57] is **granted** to the extent that the Court considered the additional arguments raised in the First Motion to Amend and **denied** in all other respects, as explained in the Minute Order [Docket #54] denying Plaintiff's original motion to amend [Filed September 7, 2007; Docket #48].  In issuing this Recommendation, the Court has considered all arguments raised by Plaintiff, as well as the contents of the proposed Second Amended Complaint, as corrected by Plaintiff's Motion for Correction [Docket #52].

Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985);

---

Dated at Denver, Colorado, this 1st day of October, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).