IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02383-MSK-MEH

INGMAR GILLON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## RECOMMENDATION ON MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff's Motion to Amend Complaint with Exhibit A [Docket #68]. The matter has been referred to this Court for recommendation. Oral argument would not materially assist the Court in adjudicating the Motion to Amend. For the following reasons, the Court recommends that the Motion to Amend be **denied**.

This Court has previously recommended that Plaintiff's Motion to Amend Complaint be denied, because Plaintiff is attempting to change his FOIA lawsuit into a civil rights lawsuit asserting several claims against numerous Defendants. Dock. #63. In the instant motion, Plaintiff wishes to add yet another claim, a due process claims against the Federal Bureau of Prisons ("BOP"), based on the same conduct that is set forth in his Proposed Amended Complaint. While this time Plaintiff is asserting a claim against the current Defendant, the allegations supporting this claim do not arise from the original lawsuit, a FOIA request. Rather, this amendment is based on the allegation that the BOP violated Plaintiff's Fifth Amendment rights in imposing a disciplinary sanction. As the Court pointed out in the Recommendation on Plaintiff's first Motion to Amend, this amendment "would bypass the procedure that this Court has in place concerning initial screening of prisoner civil rights

complaints." Dock. #63, p. 1 (citing D.C.Colo.L.Civ.R. 8.1).

Accordingly, for the reason stated above, as well as for the reasons stated in this Court's Recommendation on Plaintiff's first Motion to Amend, it is hereby **RECOMMENDED** that Plaintiff's Motion to Amend Complaint with Exhibit A [<u>Filed October 25, 2007; Docket #68</u>] be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 31st day of October, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).