IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02383-MSK-MEH

INGMAR GILLON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## RECOMMENDATION ON MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff's (third) Motion to Amend Complaint with Proposed Amended Complaint and Exhibits A through R [Docket #72]. The matter has been referred to this Court for recommendation.

This Court has previously recommended that Plaintiff's Motion to Amend Complaint be denied, because Plaintiff is attempting to change his FOIA lawsuit into a civil rights lawsuit asserting several claims against numerous Defendants. Dock. #63. In the instant motion, Plaintiff wishes to add a claim against Counselor D. Miller for violating his First Amended right in access to the court. Dock. #72, p.1. Plaintiff claims that Miller violated his rights by not providing him with the proper inmate account statement at the proper time when Plaintiff faced dismissal in this case for failing to make payments. Despite the obvious futility of this amendment, in that Plaintiff has suffered no injury because his case has not been dismissed at this time, the Court will again point out that the allegations supporting this claim do not arise from the original lawsuit, a FOIA request. As the Court pointed out in the Recommendation on Plaintiff's first Motion to Amend, this amendment "would bypass the procedure that this Court has in place concerning initial screening of prisoner civil rights complaints."

Dock. #63, p. 1 (citing D.C.Colo.L.Civ.R. 8.1).  This particularly concerning with the instant claim, for which Plaintiff has suffered no injury.

Accordingly, for the reason stated above, as well as for the reasons stated in this Court's Recommendation on Plaintiff's first Motion to Amend, it is hereby **RECOMMENDED** that Plaintiff's Motion to Amend Complaint with Exhibit A [Filed November 9, 2007; Docket #72] be **denied**.  Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 13th day of November, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).