IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02383-MSK-MEH

INGMAR GILLON,

        Plaintiff,

v.

BUREAU OF PRISONS, and
FEDERAL CORRECTIONAL INSTITUTION-FLORENCE,

        Defendants.

---

**ORDER DISMISSING FOIA CLAIM,
AND DENYING MOTIONS TO AMEND**

---

THIS MATTER comes before the Court on the following matters: (1) the Defendants' motion to dismiss for lack of subject matter jurisdiction **(#35)**; (2) and several motions **(#48, #52, #57, #68, #72, #81)** by the Plaintiff[1] seeking leave to amend his complaint, as well as several recommendations **(#63, #71, #76)** by the Magistrate Judge that the Plaintiff's motions be denied, and objections **(#64, #73, #78, #79, #80)** thereto. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

In his original and first amended complaints **(#2, #3)**, the Plaintiff sought review by this Court under the Freedom of Information Act ("FOIA"), only. The Defendants have moved to dismiss the Plaintiff's FOIA claim, as moot, because they provided the Plaintiff with the document he requested under FOIA. The Plaintiff does not dispute that his FOIA claim is moot, therefore,

---

[1] Because the Plaintiff is *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

the Court dismisses such claim.

The Plaintiff also moves to amend his complaint to state several claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Defendants oppose any amendment which transforms this action into a completely new lawsuit.

The Magistrate Judge recommends that the Plaintiff's motions to amend be denied, because the amendments would turn this case into a fundamentally different lawsuit and would bypass the procedure for screening prisoner complaints set forth in Local Rule 8.1. He also recommends that the Plaintiff be relieved from his obligation to make monthly payments towards the filing fee. The Plaintiff objects to these recommendations insofar as they recommend the denial of his motions.

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections have been filed, this Court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). During *de novo* review, a district court is not required to make specific findings and instead may simply indicate that it has undertaken the requisite review. *Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).

A motion to amend a complaint is governed by Fed. R. Civ. P. 15(a), which provides in relevant part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, a court may deny a motion to amend when the original claims are subject to dismissal, and the claims which the plaintiff seeks to add are completely new and would transform the action into a brand

new lawsuit. *Cf. Fuller v. Secretary of Defense of U.S.,* 30 F.3d 86, 89 (8th Cir. 1994); *Faser v. Sears, Roebuck & Co.,* 674 F.2d 856, 859-60 (11th Cir. 1982).

The Court agrees with the recommendation that the motions to amend be denied because such is the case here. The Plaintiff seeks to transform this action from a FOIA action into a *Bivens* action. FOIA claims and *Bivens* claims not only have different factual and legal bases, they follow different procedures. A new action is appropriate for distinct, new claims.

However, the Court cannot follow the Magistrate Judge's recommendation that the Plaintiff be relieved from paying the filing fee in this case. Under 28 U.S.C. § 1915(b)(1), "the prisoner shall be required to pay the full amount of a filing fee." This statute is mandatory, and applies whether or not a plaintiff prevails on his claims. The Court has no discretion to waive its requirements.

**IT IS THEREFORE ORDERED** that:

(1) The motion to dismiss **(#35)** the FOIA claim is **GRANTED**.

(2) To the extent set forth herein, the Court **ADOPTS** the Magistrate Judge's recommendations **(#63, #71, #76)** that the Court deny the Plaintiff's motions to amend his complaint **(#48, #52, #57, #68, #72, #81).**

(3) The Clerk of Court is directed to close this case.

Dated this 7th day of February, 2008

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge