IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02383-MSK-MEH

INGMAR GILLON,

       Plaintiff,

v.

BUREAU OF PRISONS, and
FEDERAL CORRECTIONAL INSTITUTION-FLORENCE,

       Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

THIS MATTER comes before the Court on the Plaintiff's Motion to Alter or Amend Judgment With Exhibits A and B **(#90),** to which the Defendants responded **(#92)** and the Plaintiff replied **(#93).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

On February 7, 2008, the Court issued an Order Dismissing FOIA Claim and Denying Motions to Amend **(#89).** The Plaintiff's Freedom of Information Act ("FOIA") claim – which was the only claim asserted in his original and first amended complaints **(#2, #3)** – was moot because the Defendants had provided the Plaintiff with the document he requested under the FOIA. The Court dismissed the FOIA claim, then adopted a recommendation by the Magistrate Judge to deny the Plaintiff's request to amend his complaint to state claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which would fundamentally change the nature of the lawsuit. However, the Court declined to follow the

Magistrate Judge's recommendation that the Plaintiff be relieved from paying the filing fee in this case, due to mandatory application of 28 U.S.C. § 1915(b)(1). The Clerk of Court then closed the case.

The Plaintiff, appearing *pro se*, has filed a "Motion to Alter or Amend Judgment with Exhibits A and B" **(#90)** pursuant to Fed. R. Civ. P. 59(e) and 60(b). Some aspects of his argument are not entirely clear, but pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court construes his filings liberally and attempts to discern the true nature of his argument.

It appears that the Plaintiff asks the Court to reconsider the denial of his motion to amend his complaint, for various reasons. He believes that the Court applied Local Rules which conflict with the Federal Rules of Civil Procedure (in particular, Fed. R. Civ. P. 15) when it denied his motion to amend the complaint. As to this, he believes that the Court denied him leave to amend because of Local Rules which require screening of prisoner complaints. He also appears to argue that the Court should consider several of his earlier filings in this case in determining whether amendment of the complaint should have been permitted. He also believes that he was misled by the Defendants to believe that he could only assert a claim under FOIA in his first two complaints.[1] He also apparently believes that he was required to file his first amended complaint "under duress," because the Court ordered **(#1)** him to refile his complaint using the proper form. He also does not believe that his FOIA claim was moot because he intended to use information obtained under FOIA to pursue other claims. He also believes the Court did not conduct a *de novo* review. He further contends that he should not be required to pay the filing fee because

---

[1] The basis for this belief is not entirely clear. Apparently, it is the Plaintiff's contention that the Defendants made a representation to him about the FOIA during an administrative review. It is not clear from the Plaintiff's motion whether the Defendants advised him that the FOIA was an exclusive basis for relief as to all of his grievances.

2

there is no mention of the filing fee in the FOIA, and he misunderstood his obligation to pay the filing fee "because of duress."

The Defendants respond that the Plaintiff's motion should be denied because there is no basis for reconsideration of the Court's Order dismissing the Plaintiff's claim. They take no position with regard to the filing fee issue.

Under either Fed. R. Civ. P. 59(e) or 60(b), there are three possible grounds which warrant reconsideration: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). In considering whether there was clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have already been addressed or for a party to advance arguments that could have been raised previously. *Id.*

The Plaintiff points to no intervening changes in the controlling law, nor to any new evidence which was previously unavailable. Thus, it appears that he relies upon an assertion of either clear error or manifest injustice.

Contrary to the Plaintiff's belief, the Court conducted a *de novo* review prior to entering its Order of dismissal. Dismissal of the FOIA claim, as moot, was neither clearly erroneous nor manifestly unjust. The claim was moot because the Defendants had provided the document which was responsive to the Plaintiff's FOIA request.

Denial of the motions to amend was not clearly erroneous or manifestly unjust. The Plaintiff sought to assert fundamentally different *Bivens* claims in his FOIA case. Although the Court dismissed the FOIA claim, it acted within its discretion in declining to allow transformation

of the action into something completely different. In doing so, the Court applied Fed. R. Civ. P. 15(a) and federal law. Nothing in the Court's Order precluded the Plaintiff from pursuing a claim under *Bivens* in a new action.[2]

The Court observes that the Plaintiff has made several references to performance of actions "under duress." He apparently believes that the Court coerced him into taking certain actions because it required him to file an amended complaint using the Court-approved form. If this is his argument, the Court rejects it because Local Rule 8.2(A) requires a *pro se* prisoner to use the forms established by this Court. *See also* Fed. R. Civ. P. 83(a)(2) (authorizing courts to adopt form requirements).

As for payment of the filing fee, it is not the FOIA which governs. The Plaintiff filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 **(#4)** at the commencement of this action. In that motion, the Plaintiff sought leave to proceed *in forma pauperis*, which would allow him to commence this action without an up-front payment of the complete filing fee. The Court granted **(#14)** that motion, found that the Plaintiff was able to pay an initial partial filing fee, and advised the Plaintiff that he "shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action." Thus, the Plaintiff was granted leave to commence the action without full payment of the filing fee due to his financial status, but he remained obligated to pay the complete filing fee as funds became available to him. The Court appreciates that the Plaintiff is unhappy with this result. However, it is his ability to pay, rather than his desire to do so that is determinative.

---

[2] Thus, to the extent that the Plaintiff believes that the Defendants misled him into not asserting *Bivens* claims in his first two complaints, their alleged conduct has not barred the Plaintiff from asserting the claims in another lawsuit.

4

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Alter or Amend Judgment With Exhibits A and B **(#90)** is **DENIED.**

Dated this 23rd day of April, 2008

                                        **BY THE COURT:**

                                        *Marcia S. Krieger*

                                        Marcia S. Krieger
                                        United States District Judge