IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02383-MSK-MEH

INGMAR GILLON,

        Plaintiff,

v.

BUREAU OF PRISONS, and
FEDERAL CORRECTIONAL INSTITUTION-FLORENCE,

        Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

**THIS MATTER** comes before the Court on Plaintiff Ingmar Gillon's Motion to Alter or Amend Judgment With Exhibits A and B **(#95),** to which the Defendants responded **(#96)** and the Plaintiff replied **(#98).**

On February 7, 2008, the Court issued an Order Dismissing FOIA Claim and Denying Motions to Amend **(#89)**. Mr. Gillon's Freedom of Information Act ("FOIA") claim, the only claim asserted in his original and first amended complaints **(#2, #3)**, was moot because the Defendants had provided Mr. Gillon with the document he requested under the FOIA. The Court dismissed the FOIA claim, then adopted a recommendation by the Magistrate Judge to deny Mr. Gillon's request to amend his complaint to state claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which would have fundamentally changed the nature of the lawsuit. However, the Court declined to follow the Magistrate Judge's

recommendation that Mr. Gillon be relieved from paying the filing fee in this case, due to mandatory application of 28 U.S.C. § 1915(b)(1). The Clerk then closed the case.

Mr. Gillon, appearing *pro se*, filed his first Motion to Alter or Amend Judgment **(#90)** pursuant to Fed. R. Civ. P. 59(e) and 60(b) on February 22, 2008, to which the Defendants responded **(#92)**, to which Mr. Gillon replied **(#93)**. The Court denied Mr. Gillon's first Motion to Alter or Amend Judgment **(#94)**.

Mr. Gillon has now filed a second Motion to Alter or Amend Judgment **(#95)**, which seeks reconsideration of the Court's Order denying his first Motion to Alter or Amend Judgment **(#94)**.

In considering Mr. Gillon's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Gillon's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Gillon of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Under either Fed. R. Civ. P. 59(e) or 60(b), there are three possible grounds which warrant reconsideration: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). In considering whether there was clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that

have already been addressed or for a party to advance arguments that could have been raised previously. *Id.*

Mr. Gillon's second Motion to Alter or Amend Judgment repeats the same arguments and factual allegations that he raised in his first Motion to Alter or Amend Judgment. These arguments were fully briefed by the parties and rejected by the Court in its Order denying the first Motion to Alter or Amend Judgment **(#94)**. Mr. Gillon has not presented new controlling law or new evidence on these issues. The only substantive difference between Mr. Gillon's first and second Motions to Alter or Amend Judgment are the exhibits attached to the second Motion, which are documents relating to his appeal to the United States Supreme Court. These documents date back to 2006; they do not constitute new evidence which was previously unavailable. Furthermore, there is no argument that there is a change in controlling law and or any specific error in determination of Mr. Gillon's first Motion to Alter or Amend Judgment.

**IT IS THEREFORE ORDERED** that the Mr. Gillon's second Motion to Alter or Amend Judgment With Exhibits A and B **(#95)** is **DENIED.**

Dated this 4th day of March, 2009

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge