IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02383-MSK-MEH

INGMAR GILLON,

       Plaintiff,

v.

BUREAU OF PRISONS, and
FEDERAL CORRECTIONAL INSTITUTION-FLORENCE,

       Defendants.

---

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

---

**THIS MATTER** comes before the Court on Plaintiff Ingmar Gillon's (Third) Motion to Alter or Amend Judgment with Exhibit A **(#106)**, to which Defendants responded **(#107)**, and Mr. Gillon replied **(#108)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that

On February 7, 2008, the Court issued an Order dismissing Mr. Gillon's Freedom of Information Act ("FOIA") Claim and denying his motions to amend **(#89)**. The Court dismissed Mr. Gillon's FOIA claim, the only claim asserted in his original and first amended complaints **(#2, #3)**, as moot, because the Defendants had provided Mr. Gillon with the document he requested under FOIA. The Court also adopted a recommendation by the Magistrate Judge to deny Mr. Gillon's requests to amend his complaint to assert claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) because asserting such

claims would fundamentally change the nature of the lawsuit. The Court, however, declined to adopt the Magistrate Judge's recommendation that Mr. Gillon be relieved from paying the filing fee in this case due to the mandatory nature of 28 U.S.C. § 1915(b)(1). The Clerk of Court accordingly closed the case.

Mr. Gillon, appearing *pro se*, filed his first Motion to Alter or Amend Judgment **(#90)** pursuant to Fed. R. Civ. P. 59(e) and 60(b) on February 22, 2008, to which the Defendants responded **(#92)**, and Mr. Gillon replied **(#93)**. Mr. Gillon sought reconsideration of the denial of his motion to amend for a variety of reasons including failure to comply with the Federal Rules of Civil Procedure; failure to consider certain earlier filings; that he had been required to file certain pleadings, including his original complaint, "under duress"; and that the Court did not conduct a *de novo* review of the recommendation. The Court denied Mr. Gillon's motion **(#94)**.

Mr. Gillon filed a second *pro se* Motion to Alter or Amend Judgment **(#95)** on May 8, 2008, to which Defendants responded **(#96)**, and Mr. Gillon replied **(#98)**. The second motion sought reconsideration of the Order denying the first Motion to Alter or Amend. The Court denied the motion **(#104)** concluding that Mr. Gillon's Second Motion to Alter or Amend merely repeated the same arguments that were considered and ultimately rejected by the Court in the Order denying the first Motion to Alter or Amend. The Court also concluded that the exhibits attached to the Second Motion to Alter or Amend **(#95)**, which constituted the only substantive difference from Mr. Gillon's First Motion to Alter or Amend **(#90)**, did not constitute new evidence that was previously unavailable.

Mr. Gillon has now filed a Third Motion to Alter or Amend Judgment **(#104)**, which

seeks reconsideration of the Court's rulings on his previous Motions to Alter or Amend Judgment **(#90, #95)** and the Court's denial of his motions to amend.

In considering Mr. Gillon's filings, the Court is mindful that Mr. Gillon is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Under either Fed. R. Civ. P. 59(e) or 60(b), there are three possible grounds which warrant reconsideration: (1) an intervening change in the controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1105, 1012 (10th Cir. 2000).  In considering whether there is clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have previously been addressed or for a party to advance arguments that could have been raised previously.  *Id.*

In his Third Motion to Alter or Amend Judgment **(#106)**, Mr. Gillon repeats the same arguments and factual allegations that he has previously raised and that have been addressed by the Court in previous orders. He presents no new evidence, and, in fact, admits that the attachment to his Second Motion to Alter or Amend Judgment **(#95)** does not constitute new evidence. The motion also does not present any evidence or argument that there has been a change in the controlling law or identify a specific error in the Court's prior rulings. The conclusory allegations that the Court's previous Orders were based on the Court's misapprehension of the facts and that there is a need to correct clear error and prevent manifest injustice are insufficient as the motion does not present any specific arguments that have not already been raised and addressed.

**IT IS THEREFORE ORDERED** that Mr. Gillon's Third Motion to Alter or Amend Judgment with Exhibit A **(#106)** is **DENIED**. Mr. Gillon shall not file another motion to alter or amend based on the grounds previously stated.

Dated this 22nd day of October, 2009

                                                  **BY THE COURT:**

                                                  Marcia S. Krieger
                                                  United States District Judge